**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **APRIL GAY**, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | 25-766T |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | _____ |
| Defendant. | ) | |

### SEALED & VERIFIED COMPLAINT FOR THE RECOVERY OF FEDERAL INCOME TAXES

1.     Plaintiff, April Gay (hereinafter "Plaintiff"), brings this suit, arising under the Internal Revenue Code of 1986, as amended (U.S.C. §§ 1 *et seq.*[1]), for the recovery of federal income taxes paid by Plaintiff for the tax year 2020.

### SUBJECT MATTER JURISDICTION; VENUE

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1346(a)(1), 1491, as this is a "claim against the United States" founded upon an "Act of Congress" for which the Plaintiff seeks "liquidated or unliquidated damages" in a case "not sounding in tort."

3.     Venue in this Court is proper under 28 U.S.C. § 1491(a).

4.     This complaint is timely under 28 U.S.C. §§ 1491, 2401 and 2501, and under I.R.C. §§ 6532 and 7422.

### PARTIES

5.     Plaintiff is a citizen of the United States who presently resides at 110 Hibiscus Trail, Fayetteville, Georgia 30215.

---

[1] All references herein to Title 26 of the United States Code are to the Internal Revenue Code as in effect during the tax year 2020.

6.     Defendant is the United States of America, in its official capacity as the Internal Revenue Service ("I.R.S.").

## FACTS

7.     Plaintiff is a lawful, permanent resident of the United States, with a valid social security number of ███████.

8.     Plaintiff timely filed her federal income tax return on April 5, 2021, through the submission of an IRS Form 1040 for the tax year of 2020 (hereinafter "Original 2020 Return"). See Exhibit A.

9.     The full name and address of Plaintiff, including the last four digits of Plaintiff's Social Security Number, appeared on the Original 2020 Return as follows:

> April Gay
> 2861 Sunday Road
> Stockbridge, GA 30281
> XXX-XX-███

10.     On Plaintiff's Original 2020 Return, Plaintiff claimed the filing status of Head of Household under 26 U.S.C. § 2.

11.     On Plaintiff's Original 2020 Return, Plaintiff claimed the Earned Income Credit ("EITC"), pursuant to 26 U.S.C. § 32, in the amount of Three Thousand Five Hundred and Eighty-Four Dollars and 00/100 ($3,584.00), representative of Plaintiff and her grandson ███████ ███████.

12.     On Plaintiff's Original 2020 Return, Plaintiff claimed a standard deduction, pursuant to 26 U.S.C. § 63, of Eighteen Thousand Six Hundred and Fifty Dollars and 00/100 ($18,650.00), representative of Plaintiff's filing status and her grandson, ███████.

13. On Plaintiff's Original 2020 Return, Plaintiff claimed the Additional Child Tax Credit ("ACTC"), pursuant to 26 U.S.C. § 24, for One Thousand Four Hundred Dollars and 00/100 ($1,400.00), an amount representative of her grandson ███████████

14. On Plaintiff's Original 2020 Return, Plaintiff reported an adjusted gross income of Twelve Thousand Three Hundred and Eighty-Four Dollars and 00/100 ($12,384.00).

15. On Plaintiff's Original 2020 Return, Plaintiff's reported adjusted gross income did not exceed her claimed standard deduction, and she reported a taxable income figure of Zero Dollars and 00/100 ($0.00).

16. On Plaintiff's Original 2020 Return, Plaintiff claimed an aggregate amount of Four Thousand Nine Hundred and Eighty-Four Dollars and 00/100 ($5,533.00) in refundable tax credits, constituting a formal, perfected claim of refund against Defendant with respect to such amounts.

17. On or around March 19, 2021, the I.R.S. selected the Plaintiff's Original 2020 Return for examination.

18. On April 5, 2021, the I.R.S. transmitted a CP75 Notice ("Notice of Audit Examination") to Plaintiff, informing her that the I.R.S. selected the Original 2020 Return for examination.

19. On May 17, 2021, the I.R.S. transmitted a Letter 525 ("30 Day Letter") to Plaintiff, indicating that following the examination of the Original 2020 Return, the I.R.S. would seek to propose a deficiency in income tax ("increase") to that return. See Exhibit B.

20. In the I.R.S.'s 30 Day Letter, the determined deficiencies included (**i**) changing the Plaintiff's filing status from Head of Household to Single, (**ii**) reducing the claimed standard deduction by Six Thousand Two Hundred and Fifty Dollars and 00/100 ($6,250.00), (**iii**) removing the Plaintiffs EITC, in the amount of Three Thousand Five Hundred and Eighty-Four Dollars and

00/100 ($3,584.00), and (**iv**) removing the Plaintiff's ACTC, in the amount of One Thousand Four Hundred Dollars and 00/100 ($1,400.00).

21.    On July 19, 2021, the I.R.S. transmitted a Letter 3219 ("Notice of Deficiency") to Plaintiff, formally proposing a "deficiency (increase)" in the Plaintiff's income tax and seeking the assessment of tax in accordance therewith. See Exhibit C.

22.    In the Notice of Deficiency, the I.R.S. (**i**) changed the Plaintiff's filing status from Head of Household to Single, (**ii**) reduced the claimed standard deduction by Six Thousand Two Hundred and Fifty Dollars and 00/100 ($6,250.00), leaving the Plaintiff with Sixteen Dollars and 00/100 ($16.00) of taxable income, (**iii**) removed the entirety of Plaintiffs EITC, in the amount of Three Thousand Five Hundred and Eighty-Four Dollars and 00/100 ($3,584.00), and (**iv**) removed the Plaintiff's ACTC, in the amount of One Thousand Four Hundred Dollars and 00/100 ($1,400.00).

23.    Nine days following the I.R.S.'s transmission of the Notice of Deficiency, on July 28, 2021, Plaintiff contacted the I.R.S.'s "service center 09," and inquired about the Notice of Deficiency which she had received. See Exhibit D.

24.    During the telephone conversation conducted on July 28, 2021, an employee with the I.R.S. informed Plaintiff that the I.R.S. required "proof of residency and proof of [head of household]" from her. *Id*.

25.    On October 13, 2021, Plaintiff contacted the I.R.S.'s "service center 18," and requested additional time to provide the requested documents. *Id.*

26.    During the telephone conversation conducted on October 13, 2021, an employee of the I.R.S. granted Plaintiff a "30-day extension" to November 17, 2021. See Exhibit D.

27. On October 25, 2021, the Plaintiff contacted the I.R.S.'s "service center 89," inquiring about the granted extension from October 13, 2021, and the Notice of Deficiency. See Exhibit D.

28. During the telephone conversation conducted on October 25, 2021, an employee indicated to the Plaintiff that she may submit documents for an "audit reconsideration." *Id.*

29. On November 4, 2021, a "Campus/ Service Center" reported the examination of Plaintiff's Original 2020 Return "Closed" with a status of "unagreed." *Id.*

30. On November 29, 2021, the I.R.S. closed the examination of Plaintiff's Original 2020 Return. See Exhibit E.

31. On September 19, 2022, Plaintiff transmitted a facsimile to the I.R.S., fax number (855) 235-6791, requesting that her examination be reopened, that the audit of her Original 2020 Return be reconsidered, and attaching documents to this transmission. See Exhibit F.

32. Within the September 19, 2022, facsimile, Plaintiff attached an "Order of Adjudication and Disposition" ("Order") entered by Associate Judge Rosalind Watkins of the State of Georgia's Juvenile Court of Clayton County on June 6, 2022. See Exhibit F.

33. This Order indicated both the residency and the support provided by the Plaintiff to her grandsons ██████████████████████████████.

34. The Order states that ██████████████████████████ "cannot be adequately and safely protected at the home and such children's continuation in the home and return to the home is contrary to the welfare of [the] children and it is in the children's best interest to remain in the care of [Plaintiff] at this time."

35. On May 5, 2023, the I.R.S. transmitted to Plaintiff a Letter 4306 ("Audit Reconsideration Letter"), in which the I.R.S. acknowledged Plaintiff's September 19, 2022,

facsimile, and transmitted a Form 4549-A ("Report of Income Tax Examination Changes"). See Exhibits G & H.

36.    In the Report of Income Tax Examination Changes, the I.R.S. acknowledged the Notice of Deficiency's improper disallowance of the entirety of the Plaintiff's EITC claim on her Original 2020 Return.

37.    However, in the Report of Income Tax Examination Changes, the I.R.S. allowed only a portion of the EITC claimed on the Plaintiff's Original 2020 Return. The I.R.S.'s allowed amount totaled Two Hundred and Sixty-Four Dollars and 00/100 ($264.00). This amount is Three Thousand Three Hundred and Twenty Dollars and 00/100 ($3,320.00) less than the originally claimed EITC in Plaintiff's Original 2020 Return.

38.    On May 5, 2023, the I.R.S. additionally transmitted a Letter 106C ("Claim of Partial Disallowance") to the Plaintiff. See Exhibit I.

39.    In this Claim of Partial Disallowance, the I.R.S. notified the Plaintiff (i) that she qualified for the diminished EITC amount included in the Report of Income Tax Examination Changes, (ii) the circumstantial proof she provided with the Order was insufficient to "verify the residency" of her grandson ███████████, (iii) that her claim of the CTC would continue to be disallowed, and (iv) that her claim of Head of Household filing status would continue to be disallowed.

40.    On May 5, 2023, the Examiner "Ms. Fields" ("Examiner") created a document titled "05052023 4700 RECON – Notes" ("Reconsideration Notes"). Exhibit J.

41.    In the Reconsideration Notes prepared by the Examiner, the Examiner made the following entry:

> "** No HOH are being requested; it appears that the TP was on the
> only adult in the home ~ its reasonable to believe she provided more

than half of the financial support. If she can verify the residency, we
will allow the HOH for a qualifying person."

Exhibit J.

42.    During the tax year of 2020, Plaintiff did not have a husband or wife and remained unmarried.

43.    Plaintiff is the biological paternal grandmother, and permanent primary custodian of ▮▮▮▮▮▮▮▮▮▮▮▮

44.    For the majority of the 2020 Tax Year, Plaintiff's grandson ▮▮▮▮▮▮▮▮▮▮ (DOB: ▮▮▮▮▮▮, SSN: ▮▮▮▮▮▮▮) lived with the Plaintiff at her residence of 2861 Sunday Road, Stockbridge, GA 30281.

45.    Plaintiff remained in constant contact with her grandson ▮▮▮▮▮▮▮▮▮▮ school teachers throughout the 2020 Tax Year, and remained the primary caretaker and custodian of her grandson while he resided at her residence of 2861 Sunday Road, Stockbridge, GA 30281. Exhibit K.

46.    For the entirety of the 2020 Tax Year, ▮▮▮▮▮▮▮▮▮▮ did not exceed the age of eighteen-years-old.

47.    During the tax year of 2020, Plaintiff provided over half of all the financial support for ▮▮▮▮▮▮▮▮▮▮

48.    ▮▮▮▮▮▮▮▮▮▮ did not file a joint return for the tax year of 2020.

## COUNT I
### The Plaintiff's Earned Income Tax Credit Pursuant to 26 U.S.C. § 32

49.    Plaintiff re-asserts the aforementioned allegations set forth in paragraphs 1-47 above and incorporates the same herein by reference.

50.    Plaintiff is entitled to the Earned Income Tax Credit, pursuant to 26 U.S.C. § 32, as initially claimed on her Original 2020 Return in the amount of Three Thousand Five Hundred and Eighty-Four Dollars and 00/100 ($3,584.00).

51.    Plaintiff is a United States citizen and included her valid Social Security Number on her Original 2020 Return pursuant to 26 U.S.C. § 32(c)(1)(E).

52.    Plaintiff did not file as married filing separately and is not the qualifying child of another individual under the meaning of 26 U.S.C. § 32(c)(1)(B).

53.    For the tax year of 2020, Plaintiff had earned income in an amount less than either Forty-One Thousand Seven Hundred and Fifty-Six Dollars and 00/100 ($41,756.00) or Fifteen Thousand Eight Hundred and Twenty Dollars and 00/100 ($15,820.00), and Plaintiff had unearned, investment income in the amount of Zero Dollars and 00/100 ($0.00).

54.    For the tax year 2020, Plaintiff did not have any foreign income of any sort and did not file IRS Form 2555 or Form 2555-EZ.

55.    ▮▮▮▮▮▮▮▮▮▮ meets the criteria to be considered a "qualifying child" of Plaintiff under the meaning of 26 U.S.C. § 152(c).

56.    The I.R.S. did not provide the Plaintiff with the correct amount of Earned Income Tax Credits, either for an individual taxpayer, or a taxpayer with one qualifying dependent, as set forth under 26 U.S.C. § 32(b)(2)(A).

## COUNT II
### The Plaintiff's Additional Child Tax Credit Pursuant to 26 U.S.C. § 24

57.    Plaintiff re-asserts the aforementioned allegations set forth in paragraphs 1-55 above and incorporates the same herein by reference.

58.     Plaintiff qualifies for the Child Tax Credit pursuant to 26 U.S.C. § 24, as initially claimed on her Original 2020 Return in the amount of One Thousand Four Hundred Dollars and 00/100 ($1,400.00).

59.     During the tax year of 2020, Plaintiff remained unmarried and had an adjusted gross income of less than Two Hundred Thousand Dollars and 00/100 ($200,000.00), as required by 26 U.S.C. §24(b)(2)(B).

60.     ████████████████ had not attained the age of seventeen years (17) as of December 31, 2020, as required to be eligibly claimed for the Additional Child Tax Credit under 26 U.S.C. § 24(c)(1).

### COUNT III
### The Plaintiff's Head of Household Status Pursuant to 26 U.S.C. § 2

61.     Plaintiff re-asserts the aforementioned allegations set forth in paragraphs 1-59 above and incorporates the same herein by reference.

62.     During the tax year of 2020, Plaintiff did not have a husband or wife and remained unmarried.

63.     During the tax year of 2020, Plaintiff maintained the principal household of her grandson ████████████████ for more than one-half of that year, as required by 26 U.S.C. § 2(b)(1)(A).

64.     The Plaintiff's grandson ████████████████ qualified as her dependent throughout the tax year of 2020, as defined within 26 U.S.C. § 152(c).

65.     ████████████████ was not married by the close of the Plaintiff's taxable year of 2020, as required by 26 U.S.C. 2 (b)(1)(A)(i)(I).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Honorable Court enter a judgement against Defendant, the United States of America, consisting of the following:

1. As to Count One, The Plaintiff's Earned Income Tax Credit Pursuant to 26 U.S.C. § 32, grant Plaintiff relief in the proper amount set by the United States Congress under the Internal Revenue Code;

2. As to Count Two, The Plaintiff's Additional Child Tax Credit Pursuant to 26 U.S.C. § 24, grant Plaintiff relief in the proper amount set by the United States Congress under the Internal Revenue Code;

3. As to Count Three, The Plaintiff's Head of Household Status Pursuant to 26 U.S.C. § 2, grant Plaintiff relief in the proper amount set by the United States Congress under the Internal Revenue Code;

4. This Honorable Court enter a judgment against the defendant in the amount of Four Thousand Nine Hundred and Eighty-Four Dollars and 00/100 ($4,984.00), constituting the sum of the following refundable credits claimed on plaintiffs original 2020 return: (**i**) the Earned Income Credit under 26 U.S.C. § 32, in the amount of Three Thousand Five Hundred and Eighty-Four Dollars and 00/100 ($3,584.00), and (**ii**) the Additional Child Tax Credit in the amount of One Thousand Four Hundred Dollars and 00/100 ($1,400.00);

5. Award such amounts as Plaintiff may be entitled to, together with cost and interest as allowed by law under I.R.C. § 6611(a), utilizing the rate established under I.R.C. § 6621; and

6. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted on this 2nd day of May, 2025.

/s/ Conner W. Watts
Conner W. Watts
Georgia State Bar No. 596191
Georgia State University College of Law
Philip C. Cook Low-Income Taxpayer Clinic
P.O. Box 4037
Atlanta, Georgia 30302-4037
Tel.: (404) 413-9230
Fax: (404) 413-9229
Cwatts20@gsu.edu
*Attorney for the Plaintiff*

## VERIFICATION

I, April Gay, declare as follows:

1.      I am the Plaintiff in the present case, a taxpayer, and a citizen of the United States of America.

2.      I have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing *Sealed & Verified Complaint for the Recovery of Federal Income Taxes*, and if called on to testify I would competently testify as to the matters stated herein.

3.      I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself, my activities, and my intentions are true and correct, as are the factual statements concerning the refund owed for my overpayment of taxes during the Tax Year of 2020.

Executed this _15_ day of _April_, 2025.

_____
April Gay

Subscribed, sworn to, and acknowledged before me by April Gay this _15th_ day of _April_, 2025.

_____
Signature of Notary Public

My commission expires:

_Oct 31, 2027_
(Date)

VICKY VALLE
NOTARY PUBLIC
STATE OF GEORGIA
FAYETTE COUNTY Commission # W-00630010
My Comm. Expires OCT. 31,2027

(Notary Seal)